1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM HEATHCOTE, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>    v.<br><br>SPINX GAMES LIMITED, GRANDE GAMES LIMITED, and BEIJING BOLE TECHNOLOGY CO., LTD.,<br><br>                      Defendants. | Case No. 2:20-cv-01310-RSM<br><br>**STIPULATED MOTION TO SUBSTITUTE ALMA SUE CROFT FOR HER LATE SON AND DECEASED CLASS REPRESENTATIVE WILLIAM HEATHCOTE** |

Alma Sue Croft, mother and sole beneficiary of the estate of the deceased named Plaintiff, William Heathcote, and Defendants Defendants SpinX Games Limited, Grande Games Limited, and Beijing Bole Technology Co., Ltd. (collectively, "Defendants") hereby file this Joint Motion to Substitute Alma Sue Croft for her Late Son and Deceased named Plaintiff William Heathcote.

## I.    REQUESTED RELIEF

Mr. Heathcote ("Plaintiff") originally filed this putative class action on September 1, 2020. *See* ECF No. 1.  Over the past several months, and as set forth in multiple Joint Status Updates submitted to the Court, Mr. Heathcote and Defendants have been involved in extensive settlement negotiations.  These negotiations included a full-day mediation session with Hon. Layn R. Phillips (Ret.) of Phillips ADR in October of 2021, followed by months of telephonic communications between Plaintiff and Defendant in order to negotiate and finalize a long form class action settlement agreement.  *See*, *e.g.*, ECF Nos. 44, 46.  Unfortunately, on January 5, 2022, Mr. Heathcote passed away unexpectedly and tragically.  In light of his death, Ms. Croft, Mr. Heathcote's sole beneficiary of her late son's estate, brings this motion pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure to substitute herself for her son in this action.

## II.    STATEMENT OF FACTS

On September 1, 2020, Plaintiff filed this putative class action against Defendant Grande Games Limited.  *See* ECF No. 1.  Plaintiff alleged that Grande Games' mobile Applications fall within the definition of illegal gambling games and that players can recover their losses under Washington law, setting forth claims for violations of RCW 4.24.070 (the "Recovery of Money Lost at Gambling Act" or "RMLGA"), violations of RCW 19.86.010 et seq. (the "Washington Consumer Protection Act" or "CPA") and unjust enrichment, based on Plaintiff's use of and purchases of virtual items in Grande Games' Applications.  On April 9, 2021, Plaintiff filed a First Amended Class Action Complaint adding Defendants SpinX Games Limited and Beijing Bole Technology Co., Ltd. to the case, and making the same allegations against those Defendants as well.  *See* ECF No. 14.

Settlement negotiations in this matter have been ongoing for the last approximately 6 months.  On the cusp of finalizing and signing a long form class action settlement agreement, Mr.

Heathcote passed away intestate. *See* Declaration of Alma Sue Croft ("Croft Decl.") ¶ 2; *see also* Ex. A to Croft Decl. (Redacted Certificate of Death for William Heathcote). Mr. Heathcote was not married, had no children, and his father is deceased. Croft Decl. ¶ 3. Thus, all Mr. Heathcote's assets, including the property interest in his claims in this lawsuit, were left to his mother, Ms. Croft. *Id.* ¶¶ 4-5. Ms. Croft wishes to continue Mr. Heathcote's claims against Defendants. *Id.* ¶ 5. No formal notice of statement of death has been filed with the Court on behalf of Mr. Heathcote. As the holder of, and legal successor in interest to Mr. Heathcote's surviving claims against Defendants, Ms. Croft brings this motion to substitute herself for her son. Defendants join in this motion.

## III.    LEGAL AUTHORITY GOVERNING SUBSTITUTION

### 1.    FRCP 25(a)(1) Permits the Substitution of a Party Upon Death

In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party. *Id.* If Rule 25(a) (1) is met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

As the legal successor in interest to Mr. Heathcote, Ms. Croft is the proper party to bring this motion. Moreover, substitution is proper here because, as demonstrated below, Mr. Heathcote's claims under Washington state law are not extinguished upon his death, but instead survive and vest in his surviving sucessors in interest.

### 2.    Alma Sue Croft is the Proper Party to be Substituted into the Case

The proper party for substitution is the person who has the legal right and authority to carry on the claims brought by the deceased party. *See Totten v. Blair Excavators, Inc.*, 2006 WL 3391439, at *1 (N.D. Cal. Nov. 22, 2006). A declaration explaining that the successor in interest is the beneficiary of the decedent's estate and has the superior right to be substituted for the decedent is sufficient to establish that such person is the proper party to be substituted. *Walton v. Channel Star Excursions, Inc.*, 2007 WL 763299, at *5 (E.D. Cal. Mar. 9, 2007); *see also Veliz v. Cintas Corp.*, 2008 WL 2811171, at *2 (N.D. Cal. July 17, 2008) ("Plaintiffs submitted a declaration

supporting substitution and decedent's will, which demonstrate that Vivian Holmes is decedent's successor in interest in satisfaction of Rule 25(a)(1). Vivian Holmes is, therefore, the proper substituted party."); *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 WL 6818245, at *3 (C.D. Cal. Feb. 25, 2013) ("Mr. Jewett submitted a declaration establishing that he is the sole distributee of Decedent's estate. Jewett Decl. ¶ 3. Mr. Jewett is, therefore, the proper substituted party."); *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F.Supp. 713, 716 (S.D.N.Y. 1993) (substitution is proper where one alleges to be the sole distributee of the decedent's estate).

Here, Mr. Heathcote's mother, Ms. Croft, has submitted a declaration in support of this motion showing that she has the legal and superior right to carry on her son's claims. *See, e.g.*, Croft Decl. She has also submitted a copy of her son's Certificate of Death. *See* Ex. A to Croft Decl. As the declaration demonstrates, Mr. Heathcote died intestate in Washington. Washington law provides that if a person dies intestate with no spouse, domestic partner, or children, the decedent's estate is distributed to his or her surviving parent or parents, in this case, Ms. Croft. *See* RCW § 11.04.015(2)(b); § 11.62.005. Because Mr. Heathcote died without a spouse or children, and because his father is deceased, Ms. Croft is the legal successor in interest to her son's claims in this lawsuit, and is therefore the proper party to be substituted in his place. No other person has the superior rights to carry on Mr. Heathcote's claims in this case. Croft Decl. ¶¶ 3-4.

### 3. Mr. Heathcote's Claims Against Defendants Survive His Death and are Now Held By his Mother, Ms. Croft

While Rule 25(a)(1) permits substitution upon death if "the claim is not thereby extinguished," the Rule itself does not determine whether the specific claim is extinguished upon death of a party. Fed. R. Civ. P. 25(a)(1). Rather, "[w]hether a claim survives or is 'extinguished' upon the death of a party is determined by 'the nature of the cause of action for which the suit is brought.'" *U.S. ex rel. Colucci v. Beth Isr. Med. Ctr.*, 603 F. Supp. 2d 677, 680 (S.D.N.Y. 2009) (quoting *Ex parte Schreiber*, 110 U.S. 76, 80 (1884)). "Absent some specific direction by Congress, whether an action created by federal statutory law survives the death of the plaintiff is a matter of federal common law." *Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498 (E.D.N.Y. 1996). "In general, under the federal common law, a claim survives a party's death if it is

'remedial' rather than 'punitive.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)); *see also Bailey v. MacFarland*, 2020 WL 5763825, at *3 (E.D. Cal. Sept. 28, 2020) ("The test for survivorship hinges on whether the statutory provision is primarily penal in nature or remedial in nature.").

Judge Robart of this District explained that "[a] statute is remedial when it relates to practice, procedure, or remedies and does not affect a substantive or vested right." *Ten Bridges, LLC v. Midas Mulligan, LLC*, 455 F. Supp. 3d 995, 1004 (W.D. Wash. 2020).[1]  Put differently, under the "federal common-law rule for the survivability of statutory causes of action, 'remedial' claims—i.e., claims to compensate the plaintiff—survive a party's death, whereas 'punitive' claims—i.e., claims to punish the defendant—do not." *Haggard v. Stevens*, 683 F.3d 714, 717 (6th Cir. 2012); *accord Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018).  Notably, however, at least one court has found that this analysis does not apply at all to the situation at hand.  *Haynes v. R.H. Dyck, Inc.*, 2007 WL 3010574, at *3 (E.D. Cal. Oct. 15, 2007) ("In a case such as this, where the plaintiff passes away during the course of the action and his estate moves to substitute in his place to continue to pursue the action, the distinction between penalties and remedial actions simply does not apply.").

Here, nonetheless, Plaintiff Heathcote's claims are not penal because they seek to provide compensation to him.  *See Derdiarian v. Futterman Corp.*, 223 F. Supp. 265, 271 (S.D.N.Y. 1963) (where statute allowed for recovery of "actual damages sustained by a plaintiff" the relief "appear[ed] to be remedial and actions for similar damages have been held to be assignable and capable of survival"); *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 485 (N.D. Cal. 2004) ("Compensation for the loss incurred due to fraud is the type of claim traditionally viewed as remedial.").  Thus, courts have routinely held that statutes designed to protect consumers, like the claims Plaintiff Heathcote brings here, and common law claims for unjust enrichment, are remedial in nature because they are meant to redress injury to the individual.  *See Roblin v. Newmar Corp.*,

---

[1] In comparison, a law that "grants immunity from civil liability … affects substantive rights and cannot be said to be remedial in nature."  *Ten Bridges*, 455 F. Supp. 3d at 1004.

859 F. App'x 171, 172 (9th Cir. 2021) ("consumerprotection statutes such as the Oregon Lemon Law are 'construed liberally' to effectuate their remedial purposes"); *Bailey v. MacFarland,* 2020 WL 5763825, at *3 (E.D. Cal. Sept. 28, 2020) (claims brought for "fraud, constructive fraud, breach of contract, breach of covenant of good faith, breach of fiduciary duty … [and] unjust enrichment" survived because they were remedial in nature); *Malvino v. Delluniversita*, 840 F.3d 223, 230 (5th Cir. 2016) ("[T]he availability of treble damages under RICO does not prevent it from being classified as a remedial statute."); *Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 96-97 (W.D.N.Y. 2018) ("Other statutory frameworks have been described as 'remedial' despite having authorized multiple and minimum recoveries exceeding actual damages").

Accordingly, "[h]aving determined that at least one of Decedent's claims survives her death, Rule 25(a)(1) is applicable." *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 WL 6818245, at *2 (C.D. Cal. Feb. 25, 2013).

### 4.    The Motion to Substitute is Timely

Rule 25(a)(1) provides: "If the motion [for substitution] is not made within 90 days after [the death is suggested upon the record] service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Accordingly, it is well-established that the formal suggestion of death made according to Rule 25(a)(1) triggers the ninety-day period for which the motion to substitute must be made, not the date of death. *See Willis v. Barnhart*, 2005 WL 1082757, at *4 (N.D. Cal. May 9, 2005); *see also Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980) (holding that a Motion for Substitution filed three years after death of the party was not untimely because the time limit began only when the suggestion of death was filed). Where no formal suggestion of death is made according to Rule 25(a)(1), the limitations period is not triggered and courts are free to grant motions to substitute as timely. *Willis*, 2005 WL 1082757, at *4; *see also Veliz v. Cintas Corp.*, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008) ("plaintiffs' motion for substitution is not barred because the ninety day period in which to file a motion for substitution has not yet passed").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No formal notice or statement of death has been filed with this Court regarding Mr. Heathcote's death, who passed away on January 5, 2022. *See* Ex. A to Croft Decl. Thus, this motion is timely.

For the foregoing reasons, Ms. Croft respectfully requests this Court issue an order substituting herself for her son in this action.

Dated: February 10, 2022                          Respectfully submitted,

**CARSON NOEL PLLC**
By:_____*/s/ Wright A. Noel*___
                          Wright A. Noel

Wright A. Noel (State Bar No. 25264)
20 Sixth Avenue NE
Issaquah, WA 98027
Telephone: (425) 837-4717
Facsimile: (425) 837-5396
Email: wright@carsonnoel.com

**BURSOR & FISHER, P.A.**
By:_____*/s/  Philip L. Fraietta*___
                          Philip L. Fraietta

Philip L. Fraietta (*pro hac vice*)
Alec M. Leslie (*pro hac vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  pfraietta@bursor.com
                          aleslie@bursor.com

*Attorneys for Plaintiff*

STIPULATED MOTION TO SUBSTITUTE; CASE NO. 2:20-CV-01310-RSM

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3   Date: _____

4                                          _____
                                           Chief Judge Ricardo S. Martinez
5                                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28