# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM HEATHCOTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPINX GAMES LIMITED, GRANDE GAMES LIMITED, and BEIJING BOLE TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 2:20-cv-01310-RSM<br><br>**DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**DECLARATION OF PHILIP L. FRAIETTA**

I, Philip L. Fraietta, declare as follows:

1. I am an attorney at law licensed to practice in the State of New York, and I have been admitted to practice *pro hac vice* in this action. I am a Partner with Bursor & Fisher, P.A., counsel for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2. Plaintiff, through undersigned counsel, has conducted extensive research, discovery, and investigation during the prosecution of the action, including, without limitation: (i) the review of voluminous in-game purchase documents produced by Defendants; (ii) the review of publicly available reports, articles, and other publications concerning Defendants' Applications; (iii) the review of publicly available information regarding Defendants and their business practices, and (iv) hired and consulted extensively with a damages expert in order to assist with analyzing and synthesizing the data produced by Defendants. These efforts led to the production of critical documents concerning the case, which Class Counsel reviewed and used to ascertain the strengths and weaknesses of the case.

3. In approximately May of 2021, the Parties' settlement talks began in earnest. The Parties agreed to schedule a mediation session in mid-October of 2021 with Judge Layn Phillips (ret.) of Phillips ADR Enterprises ("Phillips ADR").

4. In the weeks leading up to the mediation, the Parties were in regular communication with each other and with the Phillips ADR team, as the Parties sought to crystallize the disputed issues, produce focal information and data, and narrow down potential frameworks for resolution. During this period, Defendants provided Class Counsel with several sets of detailed transactional data for virtual chip purchases made by the Settlement Class; the Parties exchanged briefing on the core facts, legal issues, litigation risks, and potential settlement structures; and the Parties supplemented that briefing with extensive telephonic correspondence, mediated and shuttled by the Phillips ADR team, clarifying each other's positions in advance of the mediation.

5. On October 20, 2021, following a full-day mediation session, Judge Phillips made a mediator's proposal to settle the case in principle, which both Parties accepted.

6. In my professional judgment, when the Parties agreed to this settlement, the Parties were fully informed on all pertinent issues and capable of assessing the benefits of the settlement.

7. Over the next four months, the Parties exchanged several rounds of a working settlement document and supporting exhibits, met and conferred telephonically to discuss the remaining disputed provisions, and heavily negotiated the form and substance of a notice and administration plan.

8. On January 5, 2022, as the parties were on the cusp of finalizing the long form settlement agreement, Plaintiff William Heathcote passed away unexpectedly at the age of 39.  His mother and only surviving heir, Alma Sue Croft, wishes to be substituted in his place and see this lawsuit through its conclusion.

9. On February 14, 2022, the Parties completed execution of the Settlement Agreement now before the Court.  In accordance with FRCP 23(e)(3), there have been no agreements made in connection with the Settlement other than the Settlement Agreement itself.

10. Although Plaintiff and Class Counsel had confidence in their claims, a favorable outcome was not assured.  Plaintiff and Class Counsel also recognize that they would face risks at class certification, summary judgment, and trial.  Thus, in my professional judgment, the proposed Settlement provides the Class with an outstanding opportunity to obtain significant relief at this stage in the litigation., while also abrogating the risk of Plaintiff and the Class obtaining no relief at all.

11. Based on documents I have reviewed in this case, thousands of individuals have spent money on Defendants' Applications within the State of Washington over the relevant Class Period.

12. Plaintiff William Heathcote demonstrated his willingness to vigorously prosecute this case, including by providing his counsel with relevant documents, testimony, and consumer

insight into the intricacies of Defendants' Applications. Up until mere days before his death, Plaintiff remained in constant communication with his counsel, and he was heavily involved in nearly every aspect of this case, from its inception through mediation and settlement. In sum, Plaintiff remained committed to proving Defendants' common course of conduct, and obtaining redress on behalf of himself and the Class. Since Mr. Heathcote's passing, my firm has been in regular contact with his mother, Ms. Alma Sue Croft. Ms. Croft wishes to be substituted in her son's place as named Plaintiff in this action, and she is fully committed and prepared to vigorously pursue this case through its conclusion.

13. Proposed Class Counsel have no conflicts of interest. Proposed Class Counsel have no financial stake in the Defendant nor any connections to particular class members that might cause it to privilege certain members over others.

14. Proposed Class Counsel are well-qualified and experienced members of the plaintiffs' bar who together have extensive experience in class actions of similar size, scope, and complexity to these cases, have frequently been appointed lead class counsel by courts throughout the country, and have the resources necessary to conduct litigation of this nature.

15. In my professional judgment, if Plaintiff tried this case to verdict, there would be subsequent appeals that would likely take years to resolve. In my professional judgment, the expense and burden associated with litigating this through both trial and appeals militate in favor of granting preliminary approval.

16. Based on the current Plan of Allocation, and based on information from publicly-filed documents in other similar cases, the recoveries class members stand to receive will in many instances be significant.

17. In my professional judgment, the proposed settlement is fair, reasonable, and adequate, and in the best interests of the class.

18. Attached hereto as **Exhibit 1** is a true and accurate copy of the Class Action Settlement Agreement.

19. Attached hereto as **Exhibit 2** is a true and accurate copy of Bursor & Fisher's firm resume.

I declare under penalty of perjury under the laws of the United States, the State of New York and the State of Washington that the foregoing is true and correct. Executed on February 15, 2022 at New York, New York.

*/s Philip L. Fraietta*
Philip L. Fraietta
