**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| WILLIAM HEATHCOTE, individually and on behalf of all others similarly situated, <br><br>         Plaintiff, <br><br>   v. <br><br> SPINX GAMES LIMITED, GRANDE GAMES LIMITED, and BEIJING BOLE TECHNOLOGY CO., LTD., <br><br>         Defendants. | Case No. 2:20-cv-01310-RSM |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff, Alma Sue Croft ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendants, SpinX Games Limited, Grande Games Limited, and Beijing Bole Technology Co., Ltd. ("Defendants").  The Settlement Class and Plaintiff are collectively referred to as the "Plaintiffs" unless otherwise noted.  The Plaintiff and the Defendants are collectively referred to herein as the "Parties."  This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.   On September 1, 2020, former plaintiff William Heathcote filed this putative class action in the United States District Court for the Western District of Washington against Defendant Grande Games Limited.  *See* ECF No. 1.  Mr. Heathcote alleged that Grande Games' Applications fall within the definition of an illegal gambling game and that players can recover their losses under Washington law, setting forth claims for violations of RCW 4.24.070 (the

"Recovery of Money Lost at Gambling Act" or "RMLGA"), violations of RCW 19.86.010 *et seq.* (the "Washington Consumer Protection Act" or "CPA") and unjust enrichment, based on Mr. Heathcote's use of and purchases of virtual items in Grande Games' Applications.

B.       Beginning in or around February 2021, Defendants displayed a pop-up window in certain of their Applications.  The pop-up window included a button that, if clicked, purported to bind players to Defendants' Terms of Service, which require persons to individually arbitrate any claims against Defendants, subject to specified opt-out procedures.

C.       On April 9, 2021, former plaintiff William Heathcote filed a First Amended Class Action Complaint adding Defendants SpinX Games Limited and Beijing Bole Technology Co., Ltd. to the case, and making the same allegations against those Defendants as well.  *See* ECF No. 14.

D.       On April 20, 2021, former plaintiff William Heathcote moved for a temporary restraining order to, *inter alia*, enjoin Defendants from displaying the pop-up window.  After full briefing, on April 28, 2021, the Court denied the motion, reasoning that Defendants' new pop-up already conformed with the requirements that the Court articulated in multiple prior cases, including *Kater v. Churchill Downs Incorporated, et al.*, No. 15-cv-00612-RBL (W.D. Wash.), *Thimmegowda v. Big Fish Games, Inc., et al.*, No. 19-cv-00199-RBL (W.D. Wash.), and *Wilson v. Huuuge, Inc.*, No. 18-cv-05276-RSL (W.D. Wash.).  *See* ECF No. 31.

E.       On May 14, 2021, the Parties filed a stipulation wherein Defendants agreed to waive service of process in exchange for 90 days to respond to the First Amended Complaint. *See* ECF No. 35.  On May 17, 2021, the Court approved the Parties' stipulation.  ECF No. 39.

F.       From that point, the Parties engaged in direct communications, and as part of their obligations under Fed. R. Civ. P. 26, discussed the prospect of resolution.  Those discussions eventually led to an agreement between the Parties to engage in mediation, which the Parties

agreed would take place before the Honorable Layn Phillips (Ret.), a neutral affiliated with Phillips ADR Enterprises ("Phillips ADR").

G.     In the weeks leading up to the mediation, the Parties were in regular communication with each other and with Phillips ADR, as the Parties sought to crystallize the disputed issues, produce focal information and data, and narrow potential frameworks for resolution.

H.     During this period and in connection with the mediation proceedings, Defendants provided Class Counsel with detailed transaction data for virtual coin purchases made by the Settlement Class; the Parties exchanged briefing on the key facts, legal issues, litigation risks, and potential settlement structures; and the Parties supplemented that briefing with extensive telephonic correspondence, mediated by Phillips ADR, in order to clarify the Parties' positions in advance of the mediation.

I.     On October 20, 2021, the Parties participated in mediation before Judge Phillips. At the conclusion of the mediation, Judge Phillips made a mediator's proposal to settle the case in principle, which all Parties accepted.

J.     Thereafter, the Parties negotiated and, on November 8, 2021, executed a term sheet memorializing their agreement.

K.     On January 5, 2022, former plaintiff William Heathcote passed away.  However, Plaintiff Alma Sue Croft, Mr. Heathcote's mother and proper successor, intends to seek to be substituted in his place pursuant to Fed. R. Civ. P. 25.

L.     Plaintiff and Class Counsel have conducted a comprehensive examination of the law and facts regarding the claims against Defendants, and the potential defenses available. Plaintiff believes that the claims asserted in the Action against Defendants have merit and that Plaintiff would have prevailed at summary judgment and/or trial.  Nonetheless, Plaintiff and

3

Class Counsel recognize that Defendants have raised factual and legal defenses that present a risk that Plaintiff may not prevail.  Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendants through class certification, summary judgment, trial, and any subsequent appeals.  Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation.  Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice.  Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

       M.     At all times, Defendants have denied and continue to deny any wrongdoing and liability and deny all material allegations in the Action.  Specifically, Defendants deny that the Applications constitute or constituted illegal gambling or that any aspect of the Applications' operation constituted deceptive or unfair business practices, and they oppose certification of a litigation class.  Defendants are prepared to continue their vigorous defense.  Nonetheless, taking into account the uncertainty and risks inherent in the motions to dismiss, class certification, summary judgment, and trial, Defendants have concluded that continuing to defend the Action would be burdensome and expensive.  Defendants have further concluded that it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendants, or any of the Released Parties (defined below), with respect to any claim of any

4

fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendants, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## **AGREEMENT**

1. **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1 **"Action"** means the case captioned *William Heathcote v. SpinX Games Limited, et al.*, No. 20-cv-01310-RSM, pending in the United States District Court for the Western District of Washington.

1.2 **"Alternate Judgment"** means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this Settlement by reason of such variance.

1.3 **"Applications"** means Cash Frenzy, Lotsa Slots, DAFU, Jackpot World, Jackpot Fever, Jackpot Crush, Jackpot Mania, Cash Bash, and/or Vegas Friends.

1.4 **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that:  (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a

Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

1.5      **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court.  The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

1.6      **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than fifty-six (56) days after entry of the Final Approval Hearing.  The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

1.7      **"Class Counsel"** means Philip L. Fraietta and Alec M. Leslie of Bursor & Fisher, P.A.

1.8      **"Class Representative"** means the named Plaintiff in this Action, Alma Sue Croft.

1.9      **"Court"** means the United States District Court for the Western District of Washington, the Honorable Ricardo S. Martinez presiding, or any judge who shall succeed him as the Judge in this Action.

1.10      **"Defendants"** means SpinX Games Limited, Grande Games Limited, and Beijing Bole Technology Co., Ltd.

1.11      **"Defendants' Counsel"** means Keker, Van Nest & Peters LLP and Byrnes Keller Cromwell LLP.

1.12      **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

6

**1.13**    **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation.  The Settlement Fund shall be deposited by Defendants into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other:  (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.14**    "**Fee Award***" means the amount of attorneys' fees, costs, and expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.15**    **"Final"** means one business day following the latest of the following events:  (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.16**    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

**1.17    "Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.18    "Lifetime Spending Amount"** means the total amount of money a Settlement Class Member spent within the Applications on or before Preliminary Approval of the Settlement while located in the State of Washington.

**1.19    "Net Settlement Fund"** means the Settlement Fund, plus any interest or investment income earned on the Settlement Fund, less any Fee Award, incentive award of the Class Representative, taxes, and Settlement Administration Expenses.

**1.20    "Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

**1.21    "Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than sixty (60) days after Preliminary Approval.

**1.22    "Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.23    "Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.  "Person" is not intended to

8

include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.24    **"Plaintiffs"** means Alma Sue Croft and the Settlement Class Members.

1.25    **"Platform Provider(s)"** means Amazon, Apple, Facebook, and/or Google.

1.26    **"Platform ID"** means the unique identifier assigned by a Platform Provider to a person who has a Platform Provider account and/or login.  For avoidance of doubt, Platform IDs are not assigned/generated by Defendants.

1.27    **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

1.28    **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

1.29    **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees (except as provided for in the Settlement Agreement) and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Washington or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the operation of

9

the Applications and/or the sale of virtual coins in the Applications, such as claims that the

Applications are illegal gambling games, that virtual coins in the Applications are "things of

value," that Defendants have been unjustly enriched by the operation of the Applications, or that

Defendants' operation of the Applications is deceptive or unfair, including but not limited to all

claims that were brought or could have been brought in the Action relating to any and all

Releasing Parties.  For the avoidance of doubt, this release includes (1) claims potentially subject

to arbitration agreements; and (2) claims for amounts spent on in-Application purchases or for

any in-Application revenues that are attributable to Platform Provider fees.

      **1.30**    **"Released Parties"** means SpinX Games Limited, Grande Games Limited, and

Beijing Bole Technology Co., Ltd., as well as any and all of their respective present or past heirs,

executors, estates, administrators, predecessors, successors, assigns, parent companies,

subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents,

consultants, and independent contractors (collectively "Affiliates"), including without limitation,

for each Affiliate, its employees, directors, managing directors, officers, trustees, partners,

principals, members, attorneys, accountants, financial and other advisors, underwriters,

shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest,

assigns and companies, firms, trusts, and corporations.

      **1.31**    **"Releasing Parties"** means Plaintiffs, those Settlement Class Members who do

not timely opt out of the Settlement Class, and all of their respective present or past heirs,

executors, estates, administrators, predecessors, successors, assigns, parent companies,

subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent

contractors, insurers, directors, managing directors, officers, partners, principals, members,

attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors,

investment advisors, legal representatives, successors in interest, assigns and companies, firms,

trusts, corporations, and anyone claiming through them or acting or purporting to act on their behalf.

**1.32** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants), as well as all expenses related to the resolution of any disputed claims (as described below in paragraph 5.4), and all expenses, excluding the fees and expenses of Class Counsel and Defendants' Counsel, related to any work required by the Court to confirm that Notice is consistent with Due Process and Rule 23.

**1.33** **"Settlement Administrator"** means JND Legal Administration, or such other reputable administration company that has been selected jointly by the Parties and approved by the Court to perform the duties set forth in this Agreement, including but not limited to serving as Escrow Agent for the Settlement Fund, overseeing the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement, handing all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.

**1.34** **"Settlement Class"** means all Persons who played the Applications on or before January 31, 2022, while located in the state of Washington.  Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the

Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity

in which the Defendants or their parents have a controlling interest and their current or former

officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a

timely request for exclusion from the class; and (4) the legal representatives, successors or

assigns of any such excluded persons.

   1.35    **"Settlement Class Member"** means a Person who falls within the definition of

the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

   1.36    **"Settlement Fund"** means the non-reversionary cash fund that shall be

established by or on behalf of Defendants in the total amount of three million five hundred

thousand dollars ($3,500,000.00 USD) to be deposited into the Escrow Account, according to the

schedule set forth herein, plus all interest earned thereon.  From the Settlement Fund, the

Settlement Administrator shall pay all Approved Claims made by Settlement Class Members,

Settlement Administration Expenses, any incentive award to the Class Representative, any Fee

Award to Class Counsel, taxes, and any other costs, fees, or expenses approved by the Court.

The Settlement Fund shall be kept in the Escrow Account with permissions granted to the

Settlement Administrator to access said funds until such time as the listed payments are made.

The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow

Account.  The Settlement Administrator shall be responsible for all tax filings with respect to any

earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.

The Settlement Fund represents the total extent of Defendants' monetary obligations under this

Agreement.  The payment of the Settlement Amount by, or on behalf of, Defendants and/or their

insurers fully discharges Defendants and the other Released Parties' financial obligations (if any)

in connection with the Settlement, meaning that no Released Party shall have any other

obligation to make any payment into the Escrow Account or to any Settlement Class Member, or

any other Person, under this Agreement.  In no event shall Defendants' total monetary obligation with respect to this Agreement exceed three million five hundred thousand dollars ($3,500,000.00 USD).

**1.37** **"Settlement Payment(s)"** means the payments from the Net Settlement Fund to be made to Settlement Class Members with Approved Claims according to the plan of allocation attached as Exhibit E (the "Plan of Allocation").

**1.38** **"Settlement Website"** means the website to be created, launched, and maintained by the Settlement Administrator which shall allow for the electronic submission of Claim Forms and shall provide access to relevant case documents including the Notice, information about the submission of Claim Forms, and other relevant documents.  The Settlement Website shall also advise the Settlement Class of the total value of the Settlement Fund and give Settlement Class Members the ability to estimate their Settlement Payment.  The Settlement Website shall remain accessible at least thirty (30) days after the Effective Date.

**1.39** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement.  Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

13

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have,

waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, or the law of any jurisdiction outside of the

United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

The Releasing Parties acknowledge that they may discover facts in addition to or different from

those that they now know or believe to be true with respect to the subject matter of this release,

but that it is their intention to finally and forever settle and release the Released Claims,

notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.      **SETTLEMENT RELIEF.**

   2.1      **Payments to Settlement Class Members.**

          **(a)**      Defendants shall pay into the Escrow Account the amount of the

Settlement Fund ($3,500,000.00), specified in Section 1.36 of this Agreement, within twenty-

eight (28) business days after entry of the Preliminary Approval Order.

          **(b)**      Settlement Class Members shall have until the Claims Deadline to submit

an Approved Claim.  Each Settlement Class Member with an Approved Claim shall be entitled to

a Settlement Payment from the Net Settlement Fund, calculated by the Settlement Administrator,

by check or electronic payment.

          **(c)**      The Settlement Payment will be determined according to the Plan of

Allocation attached as Exhibit E.  The Plan of Allocation is divided into two baseline categories:

(i) claims that are not subject to Defendants' Dispute Resolution and Arbitration Provision

("Non-DRAP Claims"); and (ii) claims that are potentially subject to Defendants' Dispute

Resolution and Arbitration Provision ("DRAP Claims").  Non-DRAP claims are the claims held

by persons in the Settlement Class who did not click "I Agree, Let's Play" on Defendants' 2021

pop-up window, or who timely opted out of Defendants' Dispute Resolution and Arbitration

14

Provision.  DRAP Claims are claims held by persons in the Settlement Class who did click "I Agree, Let's Play" on Defendants' 2021 pop-up window and did not timely opt-out of the Dispute Resolution and Arbitration Provision.  The Settlement Payments for Non-DRAP and DRAP Claims are each paid according to escalating marginal recovery percentages.

        **(d)**      Non-DRAP Claims and DRAP Claims are determined at an identity (person) level rather than at an account level, according to the following rules:

     **i.**  If a person **has never** clicked "I Agree, Let's Play" on the 2021 pop-up window (irrespective of Application or account), that person has **all Non-DRAP Claims** (irrespective of Application or account).

     **ii.**  If a person **has** clicked "I Agree, Let's Play" on the 2021 pop-up window (irrespective of Application or account) and **has not** timely opted-out with respect to **any** of those "clicks," that person has **all DRAP Claims** (irrespective of Application or account).

     **iii.**  If a person has clicked "I Agree, Let's Play" on the 2021 pop-up window (irrespective of Application or account) and **has** timely opted-out with respect to **any** of those "clicks," that person has **all Non-DRAP Claims** (irrespective of Application or account).

     **iv.**  The primary purpose of these rules is to recognize that (1) **any** click on the 2021 pop-up window (irrespective of Application or account) by a person renders **all** of his/her claims DRAP Claims for purposes of this Settlement, and that (2) **any** timely opt-out by a person (irrespective of Application or account) renders **all** of his/her claims Non-DRAP Claims for purposes of this Settlement (irrespective of

Application or account, and irrespective of whether that person clicked the 2021 pop-up window).

**v.** No individual holds both DRAP and Non-DRAP Claims.

**vi.** An opt-out notice is timely for the purposes of this Settlement if it was postmarked within thirty (30) days after the individual clicked "I Agree, Let's Play" on the 2021 pop-up window.

**vii. Example One**:  If Jane Doe holds Account A and Account B on Cash Frenzy, clicked "I Agree, Let's Play" on the 2021 pop-up window on both accounts, and only timely opted out of Defendants' Dispute Resolution and Arbitration Provision as to Account B, Ms. Doe's claims are Non-DRAP Claims as to the money she spent playing with both Account A and Account B.

**viii.  Example Two**:  If John Doe holds Account Y and Account Z on Cash Frenzy, but only clicked "I Agree, Let's Play" on the 2021 pop-up window while playing on Account Z, and did not timely opt-out, Mr. Doe's claims are DRAP Claims as to the money he spent playing with both Account Y and Account Z.

**ix. Example Three:**  If Richard Roe holds Account L and Account M on Cash Frenzy, and Account N on Lotsa Slots, clicked "I Agree, Let's Play" on the 2021 pop-up window while playing on Account N, and timely opted out of Defendants' Dispute Resolution and Arbitration Provision, Mr. Roe's claims are Non-DRAP Claims as to the money he spent playing on Account L, Account M, and Account N.

16

(e)        If the total Approved Claims do not exhaust the Net Settlement Fund under the baseline marginal recovery percentages in the Plan of Allocation, the marginal recovery percentages, for both Non-DRAP and DRAP Claims, will be increased *pro rata* so that the Settlement Payments will exhaust or leave only *de minimis* funds in the Net Settlement Fund.

(f)        Within thirty (30) days after the Claims Deadline, the Settlement Administrator shall determine proration of amounts due to Settlement Class Members from the Settlement Fund.

(g)        Within sixty (60) days after the Claims Deadline, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check or electronic payment, provided, however, that the default payment method will be check, unless a Settlement Class Member elects for an electronic payment.

(h)        All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance.

(i)        In the event that an electronic deposit to a Settlement Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Settlement Class Member within thirty (30) days to correct the problem.

(j)        To the extent that a check issued to a Settlement Class Member is not cashed within one hundred eighty (180) days after the date of issuance, or an electronic deposit is unable to be processed one hundred eighty (180) days after the first attempt, such funds shall remain in the Net Settlement Fund and shall be apportioned *pro rata* to participating Settlement Class Members in a second distribution, if practicable..  To the extent that any second distribution is impracticable, or that any second-distribution funds remain in the Net Settlement Fund after an additional one hundred and eighty (180) calendar days, such funds shall, subject to

17

Court approval, revert to the Legal Foundation of Washington, a non-sectarian, not-for-profit organization.

> **(k)**     No amount paid by Defendants into the Escrow Account shall revert to Defendants.

> **(l)**     In no event shall any such amount be paid to Class Counsel except for the amount of any approved Fee Award.

**2.2     Prospective Measures.**  In connection with this Settlement and within fifty-six (56) days after the Preliminary Approval Order, Defendants shall make or maintain the following changes to Applications they offer to Washington residents (as reasonably determined by IP address or by geolocation):

> **(a)**     Defendants will place links to resources relating to video game behavior disorders within the Applications.  Within the self-service resources available to players, Defendants shall add an additional button or link with labeling referring to video game behavior disorder resources.  This link or button shall be located in the Applications under "Settings." When clicked, the link or button will take players to a webpage that (1) encourages responsible gameplay; (2) describes what video game behavior disorders are; (3) provides or links to resources relating to video game behavior disorders; and (4) includes a link to Defendants' self-exclusion policy.  Customer service representatives will be instructed to provide the same information to any player who contacts them and references video game behavior disorders or video game addiction, and will face no adverse employment consequences for providing players with this information.

> **(b)**     Defendants shall publish on their website a voluntary self-exclusion policy.  That policy shall provide that, when a player self-excludes by specifying the Player ID(s) for the accounts that the player wishes to permanently disable or temporarily suspend,

Defendants shall use commercially reasonable efforts to immediately disable or suspend the account(s) associated with those Player ID(s).  Defendants shall retain discretion as to the particular method by which players may self-exclude; for example, Defendants may permit players to self-exclude by contacting Customer Support, completing a form on Defendants' website, or any other reasonably accessible means, and may require appropriate measures of identity verification as part of a request.  Defendants shall use commercially reasonable efforts to prevent any use of the Application specified by the player, for the duration of the requested account disablement (either permanently or temporarily).  After a self-exclusion request for temporary account suspension is responded to in full by Defendants, Defendants shall not remove those restrictions for the period identified in the self-exclusion policy at the time the self-exclusion is requested.

    **(c)** Defendants shall implement game mechanics for the Applications to ensure that players who run out of sufficient virtual coins to play the game they are playing will be able to continue to play games within the Applications without needing to purchase additional virtual coins or wait an unreasonable amount of time (i.e., more than 30 seconds) until they would have otherwise received free additional virtual coins in the ordinary course.  The Parties recognize and agree that, after and as a result of the commencement of the Action, Defendants have already implemented these game mechanics for many of the Applications.

**3.**  **RELEASES.**

  **3.1**  The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

  **3.2**  Upon the Effective Date, the Releasing Parties, and each of them, agree to forever release, discharge, hold harmless, and covenant not to sue each and all of the Released Parties from each and all of the Released Claims, and shall be deemed to have, and by operation of the

Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all

Released Claims against the Released Parties, and each of them; and further agree that they shall

not now or hereafter initiate, maintain, or assert any Released Claim against any Released Party

in any other court action or before any administrative body, tribunal, arbitration panel, or other

adjudicating body.  Upon the Effective Date, the Releasing Parties shall be permanently barred

and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal

or state court or tribunal any and all Released Claims.

      **3.3**     The Releasing Parties expressly acknowledge that they are familiar with

principles of law such as Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Each Releasing Party shall be deemed to have expressly, knowingly, and voluntarily waived and

relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he or she

may otherwise have had pursuant to Section 1542 of the California Civil Code and all similar

federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be

applicable herein.  In connection with the release, the Releasing Parties acknowledge that they

are aware that they may hereafter discover claims presently unknown and unsuspected or facts in

addition to or different from those which they now know or believe to be true with respect to

matters released herein.  Nevertheless, the Releasing Parties acknowledge that a portion of the

consideration received herein is for a release with respect to unknown damages and complaints,

whether resulting from known injuries and consequences or from unknown injuries or unknown

consequences of known or unknown injuries, and state that it is the intention of the Releasing

Parties in agreeing to this release to fully, finally, and forever to settle and release all matters and all claims that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action), constituting the Released Claims.

       **3.4**    The Parties stipulate that, with the measures delineated in Paragraphs 2.2(a)-2.2(c), virtual coins in the Applications are gameplay enhancements, not "things of value" as defined by RCW 9.46.0285, and Settlement Class Members will not contend that virtual coins in the Applications are "things of value" under current Washington law or that aspects of the Applications at issue in this case renders the Applications deceptive or unfair under Washington law.

**4.**     **NOTICE TO THE CLASS.**

       **4.1**    The Notice Plan shall consist of the following:

       **(a)**    *Settlement Class List*.  To effectuate the Notice Plan, Defendants shall provide Class Counsel and the Settlement Administrator with a Class List which will identify Settlement Class Members by Washington IP address that will contain the Player ID, email address on file (where reasonably available), and Lifetime Spending Amount for each Player ID for all Applications, as of January 31, 2022.  All information for the Class List will be provided by Defendants, except that the following information, and the following information only, shall be obtained by subpoena issued from Plaintiff, with a rider substantially in the form attached hereto as Exhibit G, within thirty (30) days of signing of the Settlement Agreement, to each of the Platforms, provided that Defendants may request additional time if needed due to vendor delays, as follows:

              For Player IDs that made a purchase in the Applications with a Washington IP address for whom Defendants do not have an associated email address on file, the Platforms will be asked to identify the name, postal address, and email

address for each Platform ID provided by Defendants.  The Platform IDs shall be provided to Plaintiff by Defendants within fourteen (14) days of signing of the Settlement Agreement.

**(b)**	In addition, Defendants shall further provide for each Settlement Class Member information sufficient to determine whether the Player ID clicked to accept the Dispute Resolution and Arbitration Provision pop-up on or after February 1, 2021, but before January 31, 2022.

**(c)**	The Parties will provide the completed Class List to Class Counsel and the Settlement Administrator within fourteen (14) days after receiving the last data requested in Paragraph 4.1(a) from the Platforms.  Such information shall be provided pursuant to FRE 408 until Preliminary Approval; and at that time, shall be treated as Confidential and not subject to public filing.

**(d)**	Defendants shall provide the Settlement Administrator the information reflected in any opt-out letters from the Dispute Resolution and Arbitration Provision or any part thereof received by Defendants before the date of the execution of this Settlement Agreement.  Defendants will fulfill this obligation by providing a spreadsheet listing, to the extent provided in the opt-out letter, the first, middle, and last name; date on the letter; and address.

**(e)** The Settlement Administrator shall keep the Class List and all personal information obtained therefrom, including the identity, and e-mail addresses of all persons, strictly confidential. To prepare the Class List for potential Settlement Payments, the Settlement Administrator shall (1) first, categorize each unique and identifiable person as holding either DRAP Claims or Non-DRAP Claims, (2) second, attach to each unique and identifiable person all of his/her associated Application accounts (e.g., by Player IDs), (3) third, use Claim Forms to

22

supplement, amend, verify, adjust, and audit the foregoing data, as necessary, (4) fourth,

calculate the total Lifetime Spending Amount for each unique and identifiable person, and (5)

finally, categorize each unique and identifiable person according to the appropriate Lifetime

Spending Amount levels identified in the Plan of Allocation. For example, using Example 1 in

Section 2.1(d)vii) as a starting point, if Jane Doe spent $25,000 through Account A and $60,000

through Account B on Cash Frenzy, clicked "I Agree, Let's Play" on the February 2021 pop-up

window on both accounts, but only timely opted out of Defendants' Dispute Resolution and

Arbitration Provision as to Account B, the settlement administrator will categorize Jane Doe as

holding Non- DRAP Claims, calculate her Lifetime Spending Amount as $85,000.00, and place

her claim in the $50,000.01+ Lifetime Spending Amount level within Non-DRAP Claims in the

Plan of Allocation. The Class List may not be used by the Settlement Administrator for any

purpose other than advising specific individual Settlement Class Members of their rights,

distributing Settlement Payments, and otherwise effectuating the terms of the Settlement

Agreement or the duties arising thereunder, including the provision of Notice of the Settlement.

    **4.2**    **Notice Plan.**  The Notice Plan shall consist of the following:

    **(a)** *Direct Notice.*  The Settlement Administrator shall provide Defendants at least 30

days' notice prior to the sending of any Notice to Settlement Class Members.  No later than the

Notice Date, the Settlement Administrator shall send via email substantially in the form attached

as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members

for whom a valid email address is available in the Class List.  In the event transmission of email

notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable:  (i)

correct any issues that may have caused the "bounce-back" to occur and make a second attempt

to re-send the email notice, and (ii) send Notice substantially in the form attached as Exhibit C

via First Class U.S. Mail.  The Settlement Administrator shall also, where practicable, send

Notice substantially in the form attached as Exhibit C to via First Class U.S. Mail to all Settlement Class Members with a Lifetime Spending Amount greater than $100.00.  Any Notice sent via U.S. Mail will be sent to the best address available through public means and/or skip tracing, provided an address is not provided by the Platform Providers in response to the subpoena.

      **(b)** *Reminder Notice.*  Thirty (30) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.

      **(c)**     *Settlement Website.* Within seven (7) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.grandegamessettlement.com) which shall be obtained, administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect.  The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.  The Settlement Website will also advise the Settlement Class of the total value of the Settlement Fund and provide Settlement Class Members the ability to approximate their Settlement Payments.

      **(d)**     *Digital Publication Notice.*  The Settlement Administrator will supplement the direct notice program with a digital publication notice program that will deliver more than three million (3,000,000) impressions to likely Settlement Class Members.  The digital publication notice campaign will run for at least one month and will contain active hyperlinks to the Settlement Website.  The final digital notice advertisements, and the overall digital

publication notice program to be used, shall be subject to the final approval of Defendants, which approval shall not be unreasonably withheld.

      **(e)**    *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law, subject to Paragraph 5.1 below.

      **(f)**    *Contact from Class Counsel.*  Class Counsel, in their capacity as counsel to Settlement Class Members, may from time to time contact Settlement Class Members to provide information about the Settlement Agreement and to answer any questions Settlement Class Members may have about the Settlement Agreement.

    **4.3**    The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendants' Counsel.   A Class Member represented by counsel *must* timely file any objection through the Court's CM/ECF system.

**4.4**      Any Settlement Class Member who intends to object to this Agreement must present on a timely basis the objection in writing, which must be personally signed by the objector, and must include:  (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including the Player IDs and any email address(es) associated with the Applications; (3) all grounds for the objection, stated with specificity, including all citations to legal authority and evidence supporting the objection; (4) all documents or writings that the Settlement Class Member desires the Court to consider; (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (6) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who must file an appearance with the Court in accordance with the Local Rules).  All written objections must be filed with, or otherwise received by the Court, and emailed or delivered to Class Counsel and Defendants' Counsel, no later than the Objection/Exclusion Deadline. Any Settlement Class Member who fails to timely file or submit a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement or appear at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

**4.5**      If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received

any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

  **4.6**  A Class Member may request to be excluded from the Settlement Class by sending a timely written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion, physically signed by the individual seeking exclusion, to the Settlement Administrator providing his/her name and address, the Player IDs and any email address(es) associated with the Applications, the name and number of the case, "*William Heathcote v. SpinX Games Limited, et al.*, No. 20-cv-01310-RSM (W.D. Wash.)" and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.  A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved.  Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not:  (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The request for exclusion must be personally signed by each Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

  **4.7**  The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.2(a) is provided.

**4.8**      Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.      SETTLEMENT ADMINISTRATION.**

**5.1**      The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement.  Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a post-distribution accounting of all amounts from the Settlement Fund paid to Settlement Class Members, the number and value of checks not cashed, the number and value of electronic payments unprocessed, and the amount distributed to any *cy pres* recipient.  Without limiting the foregoing, the Settlement Administrator shall:

28

   **(a)** Receive requests to be excluded from the Settlement Class and promptly provide Class Counsel and Defendants' Counsel copies thereof.  If the Settlement Administrator receives any exclusion forms after the deadline for the submission of such forms, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel;

   **(b)** Provide Class Counsel and Defendants' Counsel with drafts of all administration related documents, including but not limited to CAFA Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts, website postings or language or other communications with the Settlement Class, at least five (5) business days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendants' Counsel agree to waive this requirement in writing on a document-by-document basis;

   **(c)** Provide weekly reports to Class Counsel and Defendants' Counsel regarding the number of Claim Forms received, the amount of the Settlement Payments associated with those Claim Forms, and the categorization and description of Claims Form rejected, in whole or in part, by the Settlement Administrator; and

   **(d)** Make available for inspection by Class Counsel or Defendants' Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

  **5.2** The Settlement Administrator shall distribute the Settlement Payments according to the provisions enumerated in Section 2.1.  To the extent it is unclear to the Settlement Administrator whether a Settlement Class Member holds a Non-DRAP Claim or DRAP Claim, the Settlement Administrator shall seek guidance from Class Counsel and Defendants' Counsel.

  **5.3** The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud, including by cross-referencing Approved Claims with the Class List.  The Settlement

Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form.  In the event a person submits a timely Claim Form by the Claims Deadline but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such person reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than twenty-eight (28) calendar days after the Claims Deadline.  In the event the Settlement Administrator receives such information more than twenty-eight (28) calendar days after the Claims Deadline, then any such claim shall be denied.  The Settlement Administrator may contact any person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

5.4     Class Counsel and Defendants' Counsel shall both have the right to challenge the Settlement Administrator's acceptance or rejection of any particular Claim Form or the amount proposed to be paid on account of any particular Settlement Class Member's claim.  The Settlement Administrator shall follow any joint decisions of Class Counsel and Defendants' Counsel as to the validity or amount of any disputed claim.  Where Class Counsel and Defendants' Counsel disagree, the Settlement Administrator will finally resolve the dispute and the claim will be treated in the manner designated by the Settlement Administrator.

5.5     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.6     All taxes and tax expenses shall be paid out of the Settlement Fund, and shall be timely paid by the Settlement Administrator pursuant to this Agreement and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set

forth therein) shall be consistent with this Agreement and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator or its agents with respect to the payment of taxes or tax expenses.

## 6.   TERMINATION OF SETTLEMENT.

6.1     Subject to Paragraphs10.1-10.3 below, Defendants or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

## 7.   PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

7.1     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; preliminary certification of the Settlement Class for settlement purposes only; preliminary appointment of Class Counsel to represent the class; preliminary appointment of Alma Sue Croft as the Class Representative of the Settlement Class; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the form and contents of the Notice and Claim Forms for

dissemination substantially in the form of Exhibits A, B, C, and D hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

**7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing where the Court will to review comments and/or objections regarding the Settlement, consider its fairness, reasonableness and adequacy, consider the application for any Fee Award and incentive awards to the Class Representatives, and consider whether the Court shall issue a Final Judgment approving this Agreement and dismissing the Action with prejudice.

**7.3**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will:

**(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

**(b)**     approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties with respect to the Released Claims;

**(c)**      find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**(d)**      find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

**(e)**      dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(f)**      incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

**(g)**      permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

**(h)**      without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

      **(i)**     incorporate any other provisions as necessary or appropriate to effectuate the terms and conditions of the Settlement Agreement.

      **7.4**     The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

## 8.     CLICKWRAP AGREEMENT.

      **8.1**     Upon Preliminary Approval, Defendants may remove Plaintiff's counsel's contact information from its click wrap or pop-up screen within the Application(s).  Plaintiff's counsel will not argue that the post-Preliminary Approval removal of its contact information renders the click wrap agreement unenforceable for any player of Defendants' Applications.

      **8.2**     Upon Final Approval, Defendants may remove any reference to the Action from the pop-up and Plaintiff's counsel will not argue in any forum that any putative class member opted out of the class settlement using the clickwrap agreement.

## 9.     CLASS COUNSEL'S ATTORNEYS' FEES, COSTS, AND EXPENSES; INCENTIVE AWARD.

      **9.1**     Pursuant to Fed. R. Civ. P. 23(f), Defendants agree that Class Counsel shall be entitled to an award of reasonable attorneys' fees and costs out of the Settlement Fund in an amount determined by the Court as the Fee Award.  With no consideration given or received, Class Counsel will limit its petition for attorneys' fees to no more than twenty-five percent (25%) of the Settlement Fund (i.e., $875,000.00), plus reimbursement of Court-approved costs and expenses associated with the Action.  Payment of any Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

34

**9.2**     The Fee Award shall be payable by the Settlement Administrator within thirty (30) days after entry of the Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit F, and providing all payment routing information and tax I.D. numbers for Class Counsel.  Payment of the Fee Award shall be made from the Settlement Fund by wire transfer pursuant to instructions provided by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms.  Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then Class Counsel shall return such funds to Defendants.  Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence.

**9.3**     Class Counsel intends to file a motion for Court approval of an incentive award to the Class Representative, to be paid from the Settlement Fund, in addition to any funds the Class Representative stands to otherwise receive from the Settlement.  With no consideration having been given or received for this limitation, Alma Sue Croft will seek no more than $5,000 as an incentive award.  Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.  Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within thirty (30) business days after entry of the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within thirty (30) business days after the Effective Date

35

10.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**10.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

    **(a)**    The Parties and their counsel have executed this Agreement;

    **(b)**    The Court has entered the Preliminary Approval Order;

    **(c)**    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects;

    **(d)**    Defendants have funded the Settlement Fund; and

    **(e)**    The Final Judgment has become Final, as defined above, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

**10.2**    If some or all of the conditions specified in Paragraph 10.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.  Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel

and/or the incentive award set forth in Paragraph 9 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**10.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, and 10.1-10.2 above, and unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Agreement, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement.  In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into. Within five (5) business days after written notification of termination as provided in this Agreement is sent to the other Parties, the Settlement Fund (including accrued interest thereon), less any Settlement Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendants, based upon written instructions provided by Defendants' Counsel.  In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to Defendant, based upon written instructions provided by Defendants' Counsel, the full amount of the Fee Award paid to Class Counsel from the Settlement Fund, including any accrued interest. In the event the Fee Award awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendants, based upon written instructions provided by Defendants' Counsel, the attorneys' fees and costs paid to Class Counsel and/or Class Representative from the Settlement Fund, in the amount vacated or modified, including any accrued interest.

11.    **CONFIDENTIALITY AND PUBLIC STATEMENTS**

**11.1**    Except as otherwise agreed by Class Counsel and Defendants' Counsel in writing and/or as required by legal disclosure obligations, all terms of this Agreement will remain confidential and subject to Rule 408 of the Federal Rules of Evidence until presented to the Court along with Plaintiff's motion for preliminary approval.

12.    **MISCELLANEOUS PROVISIONS.**

**12.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals.  Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**12.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

**12.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released.  The Parties have read and understand fully the

Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

**12.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

      **(a)**    is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

      **(b)**    is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

      **(c)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing or statutory meaning as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the settlement, this

Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)      is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(e)      is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

(f)      The Parties acknowledge and agree that any Party may request that the Court appoint a Settlement Special Master. Each Party explicitly reserves the right to oppose any such request.  Any fees earned or costs incurred by any such Settlement Special Master shall be paid exclusively from the Settlement Fund.

12.5      The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in

the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, nor that the Settlement Class definition would be appropriate for a litigation class, nor would Defendants be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the status quo ante, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Defendants in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

12.6.    No person or entity shall have any claim against the Class Representative, Class Counsel, the Settlement Administrator or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement.  The Parties and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.  The Parties acknowledge and agree that no opinion concerning the tax consequences of the proposed Settlement to Settlement Class Members is given or will be given by the Parties, nor are any representations or warranties in this regard made by virtue of this Settlement Agreement. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole

responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

12.7.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

12.8    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

12.9    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

12.10    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

12.11    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

12.12    Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees incurred in any way related to the Action.

**12.13**   Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

**12.14**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**12.15**   This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**12.16**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**12.17**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**12.18**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Washington.

**12.19**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed

substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

12.20   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Philip L. Fraietta, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; Ajay Krishnan and Michelle Ybarra, Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: February 10, 2022                    **ALMA SUE CROFT**

                                      By: _____
Alma Sue Croft (Feb 10, 2022 13:26 CST)

                                      Alma Sue Croft, individually and as representative
of the Class

Dated: _____                    **SPINX GAMES LIMITED**

                                      By:_____

                                      Name:
Title:

Dated: _____                    **GRANDE GAMES LIMITED**

                                      By:_____

                                      Name:
Title:

Dated: _____                    **BEIJING BOLE TECHNOLOGY CO., LTD.**

                                      By:_____

                                      Name:
Title:

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____                    **BURSOR & FISHER, P.A.**

                                      By: _____
Philip L. Fraietta
pfraietta@bursor.com
Alec M. Leslie
aleslie@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel:  (646) 837-7150
Fax:  (212) 989-9163

                                      -and-

45

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: _____

**ALMA SUE CROFT**

By:_____
Alma Sue Croft, individually and as representative
of the Class

Dated: 2022/02/10

**SPINX GAMES LIMITED**

By:_____
Name: Zhang liang
Title: CEO

Dated: 2022/02/10

**GRANDE GAMES LIMITED**

By:_____
Name: Zhang Liang
Title: CEO

Dated: 2022/02/10

**BEIJING BOLE TECHNOLOGY CO., LTD.**

By:_____
Name: Zhang Liang
Title: CEO

**IT IS SO STIPULATED BY COUNSEL:**

Dated: February 14, 2022

**BURSOR & FISHER, P.A.**

By:_____
Philip L. Fraietta
pfraietta@bursor.com
Alec M. Leslie
aleslie@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: (646) 837-7150
Fax: (212) 989-9163

-and-

45

**CARSON NOEL PLLC**
　　　　Wright A. Noel
　　　　wright@carsonnoel.com
　　　　CARSON NOEL PLLC
　　　　20 Sixth Avenue NE
　　　　Issaquah, WA 98027
　　　　Tel:  (425) 837-4717
　　　　Fax: (425) 837-5396

　　　　*Attorneys for Class Representative and the*
　　　　*Settlement Class*

Dated:  February 11, 2022　　　　**KEKER, VAN NEST & PETERS LLP**

　　　　By: _____
　　　　Ajay S. Krishnan
　　　　akrishnan@keker.com
　　　　Michelle Ybarra
　　　　mybarra@keker.com
　　　　Patrick E. Murray
　　　　pmurray@keker.com
　　　　Connie P. Sung
　　　　csung@keker.com
　　　　KEKER, VAN NEST & PETERS LLP
　　　　633 Battery Street
　　　　San Francisco, CA 94111
　　　　Tel:  (415) 391-5400
　　　　Fax: (415) 397-7188

　　-and-

**BYRNES KELLER CROMWELL LLP**
　　　　Bradley S. Keller
　　　　bkeller@byrneskeller.com
　　　　John A. Tondini
　　　　jtondini@byrneskeller.com
　　　　BYRNES KELLER CROMWELL LLP
　　　　1000 Second Avenue, 38th Floor
　　　　Seattle, WA 98104
　　　　Tel:  (206) 622-2000

　　　　*Attorneys for Defendants SpinX Games Limited,*
　　　　*Grande Games Limited, and Beijing Bole*
　　　　*Technology Co., Ltd.*

46

**EXHIBIT A**

### SpinX Games Settlement Claim Form

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE].  THE CLAIM FORM MUST BE SIGNED AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

The Settlement Administrator will review your Claim Form.  If accepted, you will receive a share of the Settlement Fund.  This process takes time, please be patient.  If you have any questions, or would like to estimate your share of the Settlement Fund, visit: [claims website].

**Instructions:**  Fill out each section of this form and sign where indicated.  To find your Player ID(s), selecting the "**Settings**" menu and look for the "Player ID" at the bottom of the page.

| **First Name** | | **Last Name** |
|---|---|---|
| **Street Address** | | |
| **City** | **State** | **ZIP Code** |
| **Email Address** | | **Phone Number** |
| **Cash Frenzy Player ID(s)** *(only complete if you have played this game)* | **Lotsa Slots Player ID(s)** *(only complete if you have played this game)* | **Jackpot World Player ID(s) or Other SpinX Games Social Casino Game ID(s)** *(only complete if you have played these game(s)* |
| **All email addresses associated with Cash Frenzy, Lotsa Slots, Jackpot World, and/or other SpinX Games Social Casino Games accounts.** | | |
| **All email addresses associated with Facebook (App Center), Apple (App Store), Google (Play Store), and Amazon (Appstore), accounts from which you played Cash Frenzy, Lotsa Slots, Jackpot World, and/or other SpinX Games Social Casino Game.** | | |

*Settlement Class Member Affirmation*:  By submitting this Claim Form you affirm under penalty of perjury that, to the best of your knowledge, the Player ID(s) and email address(es) listed above are yours.


Signature: _____ Date: _____/ _____/ _____

*Select Payment Method*:  Select **ONE** box for how you would like to receive payment and provide the requested information.

| Check **Mailing Address:** | Venmo® **Email Address:** | PayPal® **Email Address:** |
|---|---|---|

**EXHIBIT B**

From:   Notice@classactionadmin.com
To:     JonQClassMember@domain.com
Re:     Legal Notice of Class Action Settlement

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Heathcote v. SpinX Games Limited, et al.*, Case No. 2:20-cv-01310-RSM
**(United States District Court for the Western District of Washington)**

**If you played Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, Jackpot Casino, Jackpot Fever, Cash Bash, or Jackpot Crush you may be part of a class action settlement**

*A court authorized this notice.  You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.*

This notice is to inform you of the settlement of a class action lawsuit against SpinX Games Limited, Grande Games Limited, and Beijing Bole Technology Co., Ltd. ("Defendants"), alleging claims based on the sale of virtual chips in the following social casino-style games:  Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, Jackpot Mania, Jackpot Fever, DAFU, Cash Bash, and Jackpot Crush.  Defendants deny all claims and that they violated the law, but have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**<u>Am I a Class Member?</u>** Our records indicate you may be a Settlement Class Member. Settlement Class Members are persons who played Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, Jackpot Casino, Jackpot Mania, DAFU, Cash Bash, and Jackpot Crush, on or before January 31, 2022, while located in the state of Washington.

**<u>What Can I Get?</u>** If approved by the Court, Defendant will establish a Settlement Fund of $3,500,000 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses as well as any attorneys' fees, costs, and incentive award to the Class Representative awarded by the Court.  If you are entitled to relief, you may submit a claim to receive a share of the Settlement Fund.  Your share will be depend on, among other things, (1) the total dollar amount of in-game purchases you made while playing the <u>Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, and/or other SpinX Games Social Casino Games</u>, with those who spent more money receiving a higher percentage back, (2) whether or not your claims are potentially subject to the Dispute Resolution and Arbitration Provision in Defendants' Terms of Service, and (3) how many Settlement Class Members submit claims.  You can find more information, and estimate your share of the Settlement Fund, at [**website**].

**<u>How Do I Get a Payment?</u>** To receive a payment, you must submit a timely and complete Claim Form by mail or online, submitted or postmarked **no later than [claims deadline]**. You can submit the claim form online at www.URL, or by clicking [here.]  You may also request a paper claim form and mail it to [address].

**<u>What are My Other Options?</u>** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the

Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [website].  If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the allegations in this case against Defendants and any other Released Parties will be released.

**Who Represents Me?** The Court has appointed lawyers from Bursor & Fisher, P.A. to represent the class.  These attorneys are called "Class Counsel."  You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Plaintiff Alma Sue Croft is a Settlement Class Member and the Court appointed her as "Class Representative."

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at \_\_\_\_\_**.m.** on [date] in [TBD].  At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for his services in helping to bring and settle this case. Class Counsel will be paid from the Settlement Fund in an amount to be determined and awarded by the Court.  Class Counsel will seek no more than 25% of the Settlement Fund in attorneys' fees, plus reimbursement of reasonable costs and expenses, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including a more detailed Notice, Claim Form, a copy of the Settlement Agreement and other documents, go to [website], contact the settlement administrator at 1-\_\_\_-\_\_\_-\_\_\_\_ or SpinX Settlement Administrator, [address], or call Class Counsel at 1-646-837-7150.

**EXHIBIT C**

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

SpinX Games Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

**If you played Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, and/or other SpinX Games Social Casino Games, you may be part of a class action settlement.**

|||||||||||||||||||||||||
Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

A settlement has been reached in a class action lawsuit against SpinX Games Limited, Grande Games Limited, and Beijing Bole Technology Co., Ltd. ("Defendants"), alleging claims based on the sale of virtual chips in the following social casino-style games:  Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, Jackpot Casino, Jackpot Fever, DAFU, Cash Bash, and Jackpot Crush.  Defendants deny all claims and that they violated the law, but have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Settlement Class Member. Settlement Class Members are persons who played Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, Jackpot Mania, Jackpot Fever, DAFU, Cash Bash, and Jackpot Crush, on or before January 31, 2022, while located in the state of Washington.

**What Can I Get?** If approved by the Court, Defendant will establish a Settlement Fund of $3,500,000 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses as well as any attorneys' fees, costs, and incentive award to the Class Representative awarded by the Court.  If you are entitled to relief, you may submit a claim to receive a share of the Settlement Fund.  Your share will be depend on, among other things, (1) the total dollar amount of in-game purchases you made while playing the Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, and/or other SpinX Games Social Casino Games, with those who spent more money receiving a higher percentage back, (2) whether or not your claims are potentially subject to the Dispute Resolution and Arbitration Provision in Defendants' Terms of Service, and (3) how many Settlement Class Members submit claims. You can find more information, and estimate your share of the Settlement Fund, at [website].

**How Do I Get a Payment?** To receive a payment, you must submit a timely and complete Claim Form by mail or online, submitted or postmarked **no later than [claims deadline]**. You can submit the claim form online at www.URL, or by clicking [here.] You may also request a paper claim form and mail it to [address].

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [website].  If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the allegations in this case against Defendants and any other Released Parties will be released.

**Who Represents Me?** The Court has appointed lawyers from Bursor & Fisher, P.A. to represent the class.  These attorneys are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.  Plaintiff Alma Sue Croft is a Settlement Class Member and the Court appointed her as "Class Representative."

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____.m. on [date] in [TBD].  At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for his services in helping to bring and settle this case. Class Counsel will be paid from the Settlement Fund in an amount to be determined and awarded by the Court.  Class Counsel will seek no more than 25% of the Settlement Fund in attorneys' fees, plus reimbursement of reasonable costs and expenses, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including a more detailed Notice, Claim Form, a copy of the Settlement Agreement and other documents, go to [website], contact the settlement administrator at 1-___-___-____ or SpinX Settlement Administrator, [address], or call Class Counsel at 1-646-837-7150.

SpinX Games Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

**EXHIBIT D**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
*Heathcote v. SpinX Games Limited, et al.*, Case No. 2:20-cv-01310-RSM

**If you played Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, Jackpot Mania, Jackpot Fever, DAFU, Cash Bash, or Jackpot Crush you may be part of a class action settlement.**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against SpinX Games Limited, Grande Games Limited, and Beijing Bole Technology Co., Ltd. ("Defendants"), alleging claims based on the sale of virtual coins in the following social casino-style games: Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, Jackpot Mania, Jackpot Fever, DAFU, Cash Bash, and Jackpot Crush. Defendants deny all claims and that they violated the law, but have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are a Settlement Class Member if you played Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, Jackpot Mania, Jackpot Fever, DAFU, Cash Bash, and Jackpot Crush, on or before January 31, 2022, while located in the state of Washington.

- Those who file timely and properly completed claims will be eligible to receive a share of the Settlement Fund. Your share will be depend on, among other things, (1) the total dollar amount of in-game purchases you made while playing Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, Jackpot Mania, Jackpot Fever, DAFU, Cash Bash, and Jackpot Crush, with those who spent more money receiving a higher percentage back, (2) whether or not your claims are potentially subject to the Dispute Resolution and Arbitration Provision in Defendants' Terms of Service, and (3) how many Settlement Class Members submit claims.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT [WEBSITE]

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Ricardo S. Martinez, of the U.S. District Court for the Western District of Washington, is overseeing this case. The case is called *Heathcote v. SpinX Games Limited, et al.*, Case No. 2:20-cv-01310-RSM.  The person who sued is called the Plaintiff.  The Defendants are SpinX Games Limited, Grande Games Limited, and Beijing Bole Technology Co., Ltd.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Alma Sue Croft) sue on behalf of a group or a "class" of people who have similar claims.  In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

The lawsuit claims that Defendants violated Washington's gambling laws and Washington's Consumer Protection Act, and that Defendant was unjustly enriched, through the sale of virtual coins in the following social casino-style games:  <u>Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, Jackpot Mania, Jackpot Fever, DAFU, Cash Bash, and Jackpot Crush</u>.  Defendants deny all claims and that they violated any law.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendants should win this case. Instead, both sides agreed to a Settlement.  That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

More information about the Settlement and the lawsuit are available in the "Court Documents" section of the settlement website, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.wawd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Washington,

Tacoma Courthouse, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits the following description is a member of the **Settlement Class**:

Persons who played Cash Frenzy, Lotsa Slots, DAFU, Jackpot World, Jackpot Fever, Jackpot Crush, Jackpot Mania, Cash Bash, and/or Vegas Friends, on or January 31, 2022, while located in the state of Washington.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

*Monetary Relief*:  If approved by the Court, Defendants will establish a Settlement Fund totaling $3,500,000.  Settlement Class Member payments, as well as the cost to administer the Settlement, the cost to inform people about the Settlement, any attorneys' fees and costs awarded by the Court, and any incentive award to the Class Representative approved by the Court will also come out of this fund (*see* Question 13).

*Prospective Relief*:  Defendants have also agreed to take or maintain measures designed to address video game behavior disorders, including providing self-service resources to players, providing for voluntary self-exclusion, and implementing in-game mechanics to ensure that players who run out of sufficient virtual coins will be able to continue to play the games without  waiting an unreasonable amount of time.

A detailed description of the settlement benefits can be found in the Settlement Agreement. [insert hyperlink]

### 7. How much will my payment be?

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund.  The exact amount of your payment can't be determined at this time, but you can get an estimate by visiting the settlement website.  The amount of your payment will depend on, among other things, (1) the total dollar amount of in-game purchases you made while playing the Cash Frenzy, Lotsa Slots, Jackpot World, Vegas Friends, and/or other SpinX Games Social Casino Games, with those who spent more money receiving a higher percentage back, (2) whether or not your claims are potentially subject to the Binding Arbitration Provision in Defendants' Terms of Use,

and (3) how many Settlement Class Members submit claims.  If you would like more information about how Settlement Payments are determined, visit [**website**].

| **8. When will I get my payment?** |
|---|

You should receive a check or electronic payment from the Settlement Administrator within 60 days after the Settlement has been finally approved and/or any appeals process is complete.  The hearing to consider the final approval of the Settlement is scheduled for [Fairness Hearing Date].  If you elect to receive your payment via check, please keep in mind that checks will expire and become void 180 days after they are issued.  If appropriate, funds remaining from the initial round of uncashed checks, or electronic payments that cannot be processed, may be used for a second distribution to Settlement Class Members and/or may be donated to the Legal Foundation of Washington.

## HOW TO GET BENEFITS

| **9. How do I get a payment?** |
|---|

If you are a Class Member and you want to get a payment, you must complete and submit a Claim Form by [**Claims Deadline**]. Claim Forms can be found and submitted online or you may have received a Claim Form in the mail (and which you can then submit by mail).  To submit a Claim Form on-line or to request a paper copy, go to [WEBSITE] or call toll free, 1-800-000-0000.

We encourage you to submit your claim electronically. Not only is it easy and secure, but it is completely free and takes only minutes.

## REMAINING IN THE SETTLEMENT

| **10. What am I giving up if I stay in the Class?** |
|---|

If the Settlement becomes final, you will give up your right to sue the Defendants and other Released Parties for the claims being resolved by this Settlement.  The specific claims you are giving up against the Defendants are described in the Settlement Agreement.  You will be "releasing" the Defendants and certain of its affiliates, employees and representatives as described in Section 1.30 of the Settlement Agreement.  Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not.  The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the lawyers listed in

Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

**11. What happens if I do nothing at all?**

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in the case?**

The Court has appointed two lawyers at the firm Bursor & Fisher, P.A. to be the attorneys representing the Settlement Class. Those lawyers – Philip L. Fraietta and Alec M. Leslie – are called "Class Counsel." They are experienced in handling similar class action cases. More information about these lawyers, their law firm, and their experience is available at www.bursor.com. They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**13. How will the lawyers be paid?**

Class Counsel attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount to be determined and awarded by the Court. The fee petition will seek no more than 25% of the Settlement Fund in attorneys' fees, plus reimbursement of reasonable costs and expenses. The Court may award less than this amount.

Subject to approval by the Court, the Class Representative may be paid an Incentive Award from the Settlement Fund for helping to bring and settle the case. The Class Representative will ask for $5,000 as an incentive award.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**14. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the "*Heathcote v. SpinX Games Limited, et al.*, Case No. 2:20-cv-01310-RSM settlement." Your letter or request for exclusion must also include your name, your address, the Player IDs, and any email address(es) associated with the Applications you played, your signature, the name and number of this case, and a statement that you wish to be excluded. You must

mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

SpinX Games Settlement
0000 Street
City, ST 00000

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you should not submit a Claim Form to ask for benefits because you won't receive any.

## OBJECTING TO THE SETTLEMENT

### 17. How do I object to the Settlement?

If you are a Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it. The Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Heathcote v. SpinX Games Limited, et al.*, Case No. 2:20-cv-01310-RSM and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address the basis upon which the objector claims to be a Settlement Class Member, including the Player IDs and any email address(es) associated with the Applications, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendants' Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number

21), you must say so in your letter or brief.  File the objection with the Court and mail a copy to these two different places postmarked no later than **[objection deadline]**.

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| The Honorable Ricardo S. Martinez United States District Court for the Western District of Washington 700 Stewart Street, Suite 13134 Seattle, WA 98101 | Philip L. Fraietta Alec M. Leslie Bursor & Fisher PA 888 Seventh Avenue New York, NY 10019 | Ajay S. Krishnan Michelle Ybarra Patrick E. Murray Connie P. Sung Keker, Van Nest & Peters LLP 633 Battery Street San Francisco, CA 94111 |

## 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself from the Class is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on **Month 00, 2022** in [TBD].  The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative.  At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [website] or call 1-800-000-0000.  If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

## 20. Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you filed and mailed your

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT [WEBSITE]

written objection on time, the Court will consider it.  You may also pay another lawyer to attend, but it's not required.

**21. May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Heathcote v. SpinX Games Limited, et al.*, Case No. 20-cv-01310-RSM."  It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you.  Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

**22. Where do I get more information?**

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at [website].  You may also write with questions to SpinX Games Settlement, P.O. Box 0000, City, ST 00000.  You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-646-837-7150, if you have any questions.  Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**EXHIBIT E**

## PLAN OF ALLOCATION

Each Settlement Payment will be comprised of (1) a Base Payment Amount, (2) *plus* a Supplemental Payment Amount, (3) *minus* the Settlement Class Member's share of any Fee Award, incentive award to the Class Representative, and Settlement Administration Expenses.

### 1. Base Payment Amounts.

Base Payment Amounts will be calculated by applying an escalating marginal recovery formula to the Settlement Class Member's Lifetime Spending Amount through and including January 31, 2022, with the portion of the Settlement Class Member's spending attributable to Platform Provider fees (fixed for settlement purposes as 30% of each Settlement Class Member's lifetime spending) discounted by 75%.

Settlement Class Members with Non-DRAP Claims (claims not subject to the Dispute Resolution and Arbitration Provision) will be subject to an escalating marginal recovery formula based on the percentages described in Figure 1 below. Settlement Class Members with DRAP Claims (claims subject to the Dispute Resolution and Arbitration Provision) will be subject to an escalating marginal recovery formula based on the percentages described in Figure 2 below.

**Figure 1 (Non-DRAP Claims)**

| Lifetime Washington Spend ($) | Marginal Rate (%) |
|---|---|
| .01-1,000 | 10 |
| 1000.01-10,000 | 17.5 |
| 10,000.01-50,000 | 30 |
| 50,000.01+ | 60 |

**Figure 2 (DRAP Claims)**

| Lifetime Washington Spend ($) | Marginal Rate (%) |
|---|---|
| .01-1,000 | 8 |
| 1000.01-10,000 | 12.5 |
| 10,000.01-50,000 | 20 |
| 50,000.01+ | 40 |

By way of example, an individual with Non-BAP Claims and a Lifetime Spending Amount of $40,000 will be entitled to a Base Payment Amount of $8,273.12, calculated as: ((10% of her first $1,000 in spending [$100] + (17.5% of her next $9,000 in spending ([$1,575])

+ (30% of her next $30,000 in spending [$9,000])) * (1 – (75% * 30%)).

Alternatively, an individual with a BAP Claim and a Lifetime Spending Amount of $40,000 will be entitled to a Base Payment Amount of $5,583.87, calculated as: ((8% of her first $1,000 in spending [$80]) + (12.5% of her next $9,000 in spending ([$1,125]) + (20% of her next $30,000 in spending [$6,000])) * (1 – (75% * 30%)).

## 2. Supplemental Payment Amounts.

Supplemental Payment Amounts will be calculated on a *pro rata* basis and will depend on Settlement Class Member participation rate in the Settlement. Upon the close of the claims period, the sum of all unclaimed Base Payment Amounts will be considered the Supplemental Payment Fund. The Supplemental Payment Fund will be apportioned *pro rata* to each Settlement Class Member who submitted a valid claim, bas ed on the participating Settlement Class Member's Base Payment Amount. For example, if valid claims total $1.75 million in Base Payment Amounts (*i.e.*, 50% of the Gross Settlement Fund), then the Supplemental Payment Amount of a Settlement Class Member whose Base Payment Amount was $8,273.12 would likewise be $8,273.12 (for a Gross Payment Amount of $16,546.24). Alternately, and again if valid claims total $1.75 million in Base Payment Amounts (*i.e.*, 50% of the Gross Settlement Fund), then the Supplemental Payment Amount of a Settlement Class Member whose Base Payment Amount was $5,583.87 would likewise be $5,583.87 (for a Gross Payment Amount of $11,167.74). Gross Payment Amounts are subject to the deductions described in Section (3).

Regardless of Settlement Class Member participation rates, the sum of Base Payment Amounts and Supplemental Payment Amounts will equal the Settlement Fund ($3.5 million).

## 3. Fee Award, Incentive Awards, and Settlement Administration Expenses.

Settlement Payment Amounts will be Settlement Class Member's Base Payment Amount

plus their Supplemental Payment Amount, minus her share of any Fee Award, Incentive Awards, and Settlement Administration Expenses, anticipated not to exceed 30% of the Settlement Amount.

**EXHIBIT F**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| WILLIAM HEATHCOTE, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>     v.<br><br>SPINXGAMES LIMITED, GRANDE GAMES LIMITED and BEIJING BOLE TECHNOLOGY GO., LTD.,<br><br>                    Defendants. | Civil Action No. 20-cv-01310-RSM |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS

Plaintiff Alma Sue Croft and Defendants SpinX Games Limited, Grande Games Limited, and Beijing Bole Technology, Co., Ltd. ("Defendants") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Class Counsel and his law firm Bursor & Fisher P.A. desire to give an undertaking (the "Undertaking") for repayment of their award of attorney fees and costs, approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, each of the undersigned Class Counsel, on behalf of themselves as individuals and as agents for their law firm, hereby submit themselves and their respective law firms to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, Bursor & Fisher, P.A. and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Western District of Washington for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to Defendants, based upon written instructions provided by Defendants' Counsel,  the full amount of the attorneys' fees and costs paid to Class Counsel from the Settlement Fund, including any accrued interest.

In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendants, based upon written instructions provided by Defendants' Counsel, the attorneys' fees and costs paid to Class Counsel and/or Representative Plaintiff from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event Class Counsel fails to repay to Defendants any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Defendants, and notice to Class Counsel, summarily issue orders, including but not limited to judgments and attachment orders against each of Class Counsel, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that they have both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Bursor & Fisher, P.A.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: Feb 14, 2022

BURSOR & FISHER, P.A.

Scott Bursor (Feb 14, 2022 15:51 EST)

By: Scott A. Bursor, individually and
on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiff Alma Sue Croft

DATED: 2/11/2022

KEKER, VAN NEST & PETERS LLP

By: Ajay S. Krishnan
Attorneys for Defendants SpinX Games Limited, Grande
Games Limited, and Beijing Bole Technology, Co., Ltd.

**EXHIBIT G**

## I.  DEFINITIONS

1.      "**Applications**" means Cash Frenzy, Lotsa Slots, DAFU, Jackpot World, Jackpot Fever, Jackpot Crush, Jackpot Mania, Cash Bash, and/or Vegas Friends.

2.      "**Platform ID**" means the unique identifier assigned by [Platform Provider] to a person who has a [Platform Provider] account and/or login.

## II.  GENERAL INFORMATION

1.      This subpoena is purposefully narrow in scope to avoid the production of duplicative data from [Platform] and the defendants in this matter, SpinX Games Limited, Grande Games Limited, and Beijing Bole Technology Co., Ltd.  [Platform] is requested to produce only the specific information below, and no additional information.

2.      Please produce all documents in their native data format.  In the event that either request is more readily available and easier to use, search, manage, and produce in a non-native form, please promptly notify Plaintiff's counsel of the need and arrange for a mutually agreeable format.

## III.  REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Please provide the corresponding name, postal address, and email address for the Platform IDs provided on the attached Exhibit A.

**REQUEST FOR PRODUCTION NO. 2**

For Player IDs that made a purchase in the Applications with a Washington IP address please identify the name, postal address, and email address for each Platform ID.