# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ALMA SUE CROFT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPINX GAMES LIMITED, GRANDE GAMES LIMITED, and BEIJING BOLE TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 2:20-cv-01310-RSM<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

THIS MATTER came before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement. The Court has considered all papers and materials submitted by the parties in support of the proposed Settlement Agreement, including Plaintiff's motion for preliminary and final approval of the Settlement Agreement and the declarations of Class Representative, Class Counsel, and the Settlement Administrator. The Court held a Final Approval Hearing on December 1, 2022, at which the Court heard argument from counsel and allowed others to appear to voice their support for, or objection to, the Settlement. Based on all these materials and the statements at the Final Approval hearing, the Court issues the following Order and Final Judgement:

**1.    Settlement Terms.** All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. **Jurisdiction.** The Court has jurisdiction over the Parties, the subject matter of the dispute, and all Settlement Class Members.

3. **Class Certification.** The Court confirms its certification for settlement purposes of the following Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All Persons who played the Applications on or before January 31, 2022, while located in the state of Washington.[1]

The Court also finds that this action meets all prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, predominance, and superiority; that the Class Representative is an adequate representative of the Settlement Class; and that Class Counsel are adequate to represent the Settlement Class.

4. **Class Notice.** The Settlement Administrator completed delivery of Class Notice according to the terms of the Agreement, as preliminarily approved by the Court and subsequently amended to extend certain deadlines. The Class Notice given by the Settlement Administrator to the Class was the best practicable notice under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to the Settlement or exclude themselves from the Settlement Class, and to appear at the Final Approval Hearing. The Class Notice and the means of disseminating the same, as prescribed by the Agreement, was appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice. The Class Notice and the means of disseminating the same satisfied all applicable requirements of the Federal Rules of Civil Procedure, constitutional due process, and any other applicable law.

5. **Settlement Approval.** The Court hereby grants final approval to the Settlement and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court finds that the Settlement is within the authority of

---

[1] Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

[PROPOSED] ORDER GRANTING FINAL APPROVAL
2:20-CV-01310-RSM                                                                                               2

the Parties and the result of extensive, arm's-length negotiations. The Parties are directed to proceed with the Settlement procedures specified under the terms of the Settlement Agreement and the Court's order regarding final claims determinations, including payment and prospective relief.

**6. Objections or Exclusions from the Settlement Class.** Class Members were given a fair and reasonable opportunity to object to the settlement. Two members of the Class have timely and validly requested to be excluded from the Class and the Settlement. No objections have been brought to the Court's attention. Aside from the two Class Members who have been excluded from the Class, this Order is thus binding on all Class Members and has res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Class Members with respect to the Released Claims.

**7. No Admission.** Neither this Final Judgment nor the fact or substance of the Settlement Agreement shall be considered a concession or admission by or against Defendants or any other related party, nor shall they be used against Defendants or any other released party as an admission, waiver, or indication with respect to any claim, defense, or assertion or denial of wrongdoing or legal liability.

**8. Dismissal with Prejudice.** Pursuant to the terms of the Settlement, the action (including all individual claims and class claims) is hereby dismissed with prejudice on the merits, without costs or attorney's fees to any Party except as provided under the terms of the Settlement Agreement, this Final Judgment, and the Court's Order Granting Class Counsel's Motion for Award of Attorney's Fees and Expenses and Issuance of Incentive Award.

**9. Releases.** This Order incorporates the Releases set forth in the Settlement Agreement and makes them effective as of the Effective Date. All Settlement Class Members who have not properly sought exclusion from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims, as set forth in the Settlement Agreement.

**10.     Attorneys' Fees and Expenses.**  Pursuant to the Court's Order Granting Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Award, the Court awards $875,000 in attorneys' fees and $22,295.01 in costs and expenses to Class Counsel.

**11.     Incentive Award.**  Pursuant to the Court's Order Granting Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Award, the Court awards $5,000 to Alma Sue Croft for her services as a Class Representative.

**12.     Continuing Jurisdiction.**  Without affecting the finality of the Final Judgment for purposes of appeal, the Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order.

**IT IS SO ORDERED.**

Dated this day _____ of _____, 2022

                                                                          _____
                                                                          The Honorable Ricardo S. Martinez
                                                                          Chief United States District Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL
2:20-CV-01310-RSM                                                                                                          4